UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

SECURITIES AND EXCHANGE COMMISSION,    )
                                       )
                    Plaintiff,         )
                                       )
            v.                         )        Case No 15cv10543-IT
                                       )
TROPIKGADGET FZE                       )
TROPIKGADGET UNIPESSOAL LDA            )
SERGIO HENRIQUE TANAKA                 )
CARLOS LUIS DA SILVEIRA BARBOSA        )
CLAUDIO DE OLIVEIRA PEREIRA CAMPOS     )
VINICIUS ROMULO AGUIAR                 )
THAIS UTINO AGUIAR                     )
WESLEY BRANDAO RODRIGUES               )
ANDREW ELLIOT ARRAMBIDE                )
JULIO G. CRUZ                          )
DENNIS ARTHUR SOMAIO                   )
ELAINE AMARAL SOMAIO                   )
PABLO ANDRES GARCIA                    )
VIVIANE AMARAL RODRIGUES               )
SIMONIA DE CASSIA SILVA                )
GEOVANI NASCIMENTO BENTO               )
PRISCILA BENTO                         )
                                       )
                Defendants,            )
                                       )
            and                        )
                                       )
UNINVEST FINANCIAL SERVICES, CORP.     )
COMPASSWINNER LDA                      )
HAPPY SGPS SA                          )
PARKWAY REAL ESTATE LLC                )
RST5 INVESTMENTS LLC                   )
PAULO HIDEKI KOGA                      )
                                       )
              Relief Defendants        )
_____ )

**[proposed]**
**PRELIMINARY  INJUNCTION, ORDER FREEZING ASSETS AND ORDER AS TO**
**OTHER EQUITABLE RELIEF AS TO DEFENDANT ANDREW ELLIOT ARRAMBIDE**

**Having considered the emergency *ex parte* motion for** a temporary restraining order,

order freezing assets, and order for other equitable relief filed by plaintiff Securities and

Exchange Commission ("the Commission"), as well as the Complaint, the Commission's

memorandum of law and accompanying evidentiary materials, the Court finds that the

Commission has made the showing required by Fed. R. Civ. P. 65, and in addition, that the

Commission has shown that: (1) it is reasonably likely to establish that defendant Andrew Elliot

Arrambide, ("Arrambide") has directly or indirectly engaged in the violations alleged in the

Complaint; (2) there is a strong indication that unless restrained and enjoined by Order of this

Court, Arrambide may dissipate and conceal assets which could be subject to an order of

disgorgement or an order to pay a civil monetary penalty in this action; (3) the balance of harms

weighs in favor of issuing the preliminary injunction; and (4) entry of a preliminary injunction,

asset freeze and other equitable relief is in the public interest.  In consideration of the foregoing:

## I.

**IT IS HEREBY ORDERED** that Arrambide and each of his agents, servants, employees

and attorneys and those persons in active concert or participation with them who receive actual

notice of this Order by personal service or otherwise, including via facsimile or email

transmission, or overnight delivery service, are restrained from violating Section 5 of the

Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the

absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any

means or instruments of transportation or communication in interstate commerce

or of the mails to sell such security through the use or medium of any prospectus

or otherwise;

     (b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

     (c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.

**IT IS HEREBY FURTHER ORDERED** that:

     A.     Arrambide and each of his officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, shall hold and retain funds and other assets of Arrambide presently held by them, for his direct or indirect benefit, under his direct or indirect control or over which he exercises actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, and are restrained from taking any actions to withdraw, sell, pay, transfer, dissipate, assign, pledge, alienate, encumber, dispose of, or diminish the value of in any way (including, but not limited to, making any charges on any credit card or draws on any other credit arrangement), any funds and other assets of Arrambide presently held by them,

for his direct or indirect benefit, under his direct or indirect control, or over which he exercises actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located.

B.    All banks, brokerage and other financial institutions and other persons or entities (including but not limited to payment processors, investors and/or promoters) that receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of Arrambide or over which Arrambide exercises actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen.

C.    The above Paragraphs II.A and II.B shall immediately cease to apply to any assets located within the United States, including any bank, brokerage or other financial institution account, which becomes subject to any later order entered by any federal court as a result of proceedings which may be filed by the United States or any department or agency thereof under any federal civil or criminal forfeiture statute, to the extent such later order requires the transfer of any asset to the United States government.

## III.

**IT IS HEREBY FURTHER ORDERED** that Arrambide shall submit in writing and

serve upon the Commission, within five (5) business days following service of this Order upon them, an accounting identifying:

1.    all transfers or payments of funds to him or any other entity controlled by him from investors or "promoters" in connection with the misconduct described in the Complaint (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, and the name, address, account number and financial institution of the party making and the party receiving the transfer or payment);

2.    in detail, the precise disposition of each transfer or payment identified in response to paragraph 1 above and all assets derived therefrom, including but not limited to:

   a.    the nature and results of any investment in which the funds were used;

   b.    any subsequent transfer or payment of the funds (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, the name, address, account number and financial institution of the party making and receiving the transfer or payment, and the reason for the transfer or payment); and

   c.    any fees or expenses charged and a detailed statement of the nature and purpose of such fees and expenses.

3.    by name and address, all persons, entities and accounts currently holding funds or assets derived from the transfers or payments described in paragraph 1 above and the reason each received the funds or assets (the identification shall include the amount each received, the date received, the reason received, the institution and account number or location in which the funds or other assets are held and the name, address, account number and financial institution of the person or entity who provided each with the funds or other assets);

5

4.      assets of every type and description with a value of at least five hundred dollars ($500) presently owned by or held for the direct or indirect benefit, or subject to the direct or indirect control, of Arrambide, whether in the United States or elsewhere;

5.      all accounts held at any bank, brokerage or other financial institution in the United States or elsewhere in the name, for the direct or indirect benefit, or under the direct or indirect control, of Arrambide, or in which Arrambide has or had any direct or indirect beneficial interest, at any time from June 1, 2013 to the present; and

## IV.

**IT IS HEREBY FURTHER ORDERED** that Arrambide and each of his officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, and each of them, shall, within five (5) business days of receiving actual notice of this Order, take such steps as are necessary to repatriate and deposit into the registry of the Court in an interest bearing account, any and all funds or assets that presently may be located outside of the United States that were obtained directly or indirectly from investors and/or "promoters."

## V.

**IT IS HEREBY FURTHER ORDERED** that Arrambide and each of his agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are hereby prohibited from soliciting, accepting, or depositing any monies obtained from actual or prospective investors or

6

"promoters" pending the resolution of this action nor may they open new bank accounts.

## VI.

**IT IS HEREBY FURTHER ORDERED** that Arrambide and each of his agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are hereby restrained from destroying, mutilating, concealing, altering, disposing, or transferring custody of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media or other property relating to Arrambide, any other defendant in this action, or the misconduct described in the Complaint.

## VII.

**IT IS HEREBY FURTHER ORDERED** that the Commission, notwithstanding the provisions of Fed. R. Civ, P. 26(d) and the Local Rules of this Court, may commence discovery immediately.  In the event the Commission chooses to depose any witnesses prior to any hearing on the Commission's requests for  preliminary relief, such witnesses shall be required to appear for a deposition on three (3) business days notice.  Such depositions shall not count towards any of the limits on depositions set forth in the Federal Rules of Civil Procedure or the Local Rules, including but not limited to Fed. R. Civ. P. 30 (a)(2)(A) and 30(d)(2).  Moreover, notwithstanding the provisions of Fed. R. Civ. P. 30(a)(2)(B), the Commission shall be entitled to depose these witnesses again during the discovery period.

## VIII.

**IT IS HEREBY FURTHER ORDERED** that this Preliminary Injunction shall remain

in effect until entry of a Final Judgment in, or other final disposition of, this action

_____
UNITED STATES DISTRICT JUDGE

Dated:  March _____, 2015