UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | * * * |
| Plaintiff, | * * |
| v. | * * Civil Action No. 15-cv-10543-IT |
| TROPIKGADGET FZE TROPIKGADGET UNIPESSOAL LDA SERGIO HENRIQUE TANAKA CARLOS LUIS DA SILVEIRA BARBOSA CLAUDIO DE OLIVEIRA PEREIRA CAMPOS VINICIUS ROMULO AGUIAR THAIS UTINO AGUIAR WESLEY BRANDAO RODRIGUES ANDREW ELLIOT ARRAMBIDE JULIO G. CRUZ DENNIS ARTHUR SOMAIO ELAINE AMARAL SOMAIO PABLO ANDRES GARCIA VIVIANE AMARAL RODRIGUES SIMONIA DE CASSIA SILVA GEOVANI NASCIMENTO BENTO PRISCILA BENTO | * * * * * * * * * * * * * * * * * * |
| Defendants. | * * |
| and | * * |
| UNIVEST FINANCIAL SERVICES, CORP. COMPASSWINNER LDA HAPPY SGPS SA PARKWAY REAL ESTATE LLC RST5 INVESTMENTS LLC PAULO HIDEKI KOGA | * * * * * * * |
| Relief Defendants. | |

ORDER

March 16, 2015

Before the court is Plaintiff Securities and Exchange Commission's ("SEC") Motion For an Order Pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii) Directing the Clerk's Office to Serve a Copy of the Complaint, Summons, and Orders Via International Overnight Mail [#52], in which the SEC requests this court to issue an order directing the Clerk of the Court to serve Defendants Tropikgadget FZE, Tropikgadget Unipessoal LDA, and Carlos Barbosa and Relief Defendants Happy SGPS SA and Compasswinner LDA by sending via FedEx International Overnight Mail with Delivery Confirmation the Complaint, Summons, Temporary Restraining Order, and the March 11, 2015 Order issued by the court in this case.

Plaintiff SEC seeks to serve these foreign Defendants and Relief Defendants under Federal Rule of Civil Procedure 4(f)(2)(C)(ii) and Article 10(a) of the Hague Convention. Rule 4(f)(2)(C)(ii) provides that a plaintiff may serve a foreign defendant "by . . . using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt" "unless prohibited by the foreign country's law."

Article 10(a) of the Hague Convention provides that as long as "the State of destination does not object, the present Convention shall not interfere with – (a) the freedom to send judicial documents, by postal channels, directly to persons abroad." As the court in Ballard v. Tyco Int'l, Ltd. recounts, "American courts sharply disagree about whether the phrase 'the freedom to send judicial documents' in Article 10(a) encompasses within its meaning the freedom to serve the summons and complaint commencing a lawsuit." No. 04-1336, 2005 WL 1863492, at *3 (D.N.H. 2005). Compare Nuovo Pignone, SpA v. Storman Asia M/V, 310 F.3d 374, 383 (5th Cir. 2002) (holding that the Hague Convention does not allow for service by mail) and Bankston v. Toyota Motor Corp., 889 F.2d 172 (8th Cir.1989) (same) with Ackermann v. Levine, 788 F.2d 830, 838 (2d Cir. 1986) (holding that the Hague Convention provides for service by mail) and

2

Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004) (same).  District courts within the First Circuit have likewise split.  See Ballard, 2005 WL 1863492, at *3 n.6 (collecting cases).  The First Circuit has not weighed in on this issue, except to note in one unpublished decision that such service is "at best of debatable validity under the Hague Convention," Feliz v. MacNeill, 493 Fed. Appx. 128, 132 (1st Cir. 2012).

The court ALLOWS IN PART Plaintiff's motion [#52].  In light of this unresolved question of law, the court is disinclined to determine the rights of absent parties without notice to them.  Accordingly, the court will direct the Clerk's Office to send to these Defendants and Relief Defendants the Complaint, Summons, Temporary Restraining Order, and this court's March 11, 2015 Order at the addresses provided by Plaintiff in its proposed order [#52-1].

Such mailing shall be, at Plaintiff's election, by either U.S. mail with delivery confirmation or FedEx International Overnight Mail with Delivery Confirmation.[1]  Whether such mailing constitutes proper service of process can be addressed after such mailing is made.  Plaintiff shall provide the Clerk's Office with pre-paid postage in effecting such mailing.

IT IS SO ORDERED.

Date:  March 16, 2015                              /s/ Indira Talwani
                                                   United States District Judge

---

[1] At this time, the court takes no position as to whether FedEx constitutes a "postal channel" under Article 10(a) of the Hague Convention or "mail" under Rule 4(f)(2)(C)(ii).